JOHN BROCK *v.* STATE OF MISSISSIPPI.

[46 South., 67.]

CRIMINAL LAW AND PROCEDURE.  *Homicide.  Insanity.  Evidence.  Undue
restriction in examination of witnesses.*

A defendant on trial for murder, defending alone on the ground of
insanity, should not be unduly restricted in his examination of
witnesses touching his mental condition at the time of the killing,
although many of his questions were propounded in disapproved
forms; and a conviction will be reversed if such restrictions de-
nied him a fair and impartial trial.

FROM the circuit court of Lamar county.

HON. WILLIAM H. COOK, Judge.

Brock, appellant, was indicted for the murder of Louis Koh-
ler; was tried, convicted, sentenced to be hanged, and appealed

to the supreme court. The facts of the case, so far as necessary to an understanding of the decision made, are stated in the opinion of the court.

*Frank Johnston, G. C. Mayson* and *J. T. Garaway,* for appellant.

The defendant was entitled to have the evidence on the subject of his insanity at the time of the homicide to go to the jury, and it is the province of the jury to decide upon this as upon any other fact in the case.

And, moreover, when any evidence, in the progress of the trial, "is adduced by either side tending to show the insanity of the accused, it then devolves on the prosecution to prove beyond a reasonable doubt every element of the crime, including the sanity of the prisoner, because the legal presumption of his innocence ought to shield him from punishment unless it is clearly shown that he possessed sufficient reason to form a guilty intent."

This is the rule that is best supported by both reason and authority, and is certainly growing in favor. The quotation is from the text of 16 Am. & Eng. Ency. of Law, 617 and note 3.

This is the rule that has been adopted in this state. *Cunningham* v. *State,* 56 Miss., 276; *Ford* v. *State,* 73 Miss., 734, 19 South., 665.

This court said in *Pollard* v. *State,* 53 Miss., 410, that the burden of proof in a criminal case, never shifts.

"There is but one question," said the court, "there can be but one question, in a criminal prosecution: Has the guilt of the defendant been established beyond a reasonable doubt? This is the *experimentum crucis* by which every juror must test the correctness of his verdict."

The court further said that whether the defense is negative or affirmative the "reasonable doubt must ever command a verdict of not guilty." *Pollard* v. *State,* 53 Miss., 410, 424.

These decisions are cited to show that evidence of insanity

is always competent and must be admitted, and then that it is the province of the jury exclusively to consider it under the test of the reasonable doubt. Both expert and non-expert testimony on this subject was offered for the defense.

It has been universally settled as a rule of evidence, that the testimony of non-experts is always admissible. This is the rule announced by this court. *Wood* v. *State,* 58 Miss., 741; *Grissom* v. *State,* 62 Miss., 167; *Reed* v. *State,* 62 Miss., 405.

Any testimony that was offered tending to prove this issue should have gone to the jury, as it was and is the exclusive province of the jury, and not of the court, to consider and decide this as a question of fact, as they have the exclusive prerogative to consider and determine any other fact in the progress of a case.

*George Butler,* assistant attorney-general, for appellee.

The second and third assignments of error go to the admissibility of certain testimony which appellant claims tended to prove irresponsibility for the crime charged. The fact that appellant was drinking at the time of the killing was wholly immaterial. This did not excuse the crime, lessen his criminality or tend to prove insanity or that appellant did not know right from wrong. Insanity from whatever cause produced is a defense, but voluntary intoxication is not, nor is it evidence of insanity. The defendant's own testimony demonstrates conclusively that he was not drunk at the time of the killing. It is not shown, or attempted to be shown, that when not intoxicated appellant is insane or does not know right from wrong. Neither does it appear that he was a habitual user of intoxicants or had used them to such an extent as to impair his mind. So that it plainly appears from the record that the extent of the excluded evidence was to the effect that when a small boy appellant had been injured by a wagon running over his head; that he was not "bright" and that on the day of the homicide he was intoxicated—not that he did not know right from wrong—no acts of insanity having been shown. While it is true that some

of the questions objected to sought to elicit his mental condition just before and subsequent to the killing, yet in each instance where the objections were sustained the questions were suggestive and leading and the objections were sustained on that account.

Argued orally by *Frank Johnston,* for appellant and by *George Butler,* assistant attorney-general, for appellee.

MAYES, J., delivered the opinion of the court.

If the testimony for the state is to be accepted as true, the case made is one of the most shocking and wanton murders possible to be conceived of. The only defense attempted by Brock, and, we may add, under the facts of this record, about the only defense which it was possible for him to make, was that he was insane when he killed Louis Kohler. This defense was attempted to be made by him; but every time a question was asked any witness touching insanity it was promptly objected to by the state and as promptly sustained by the court. It may be that the manner of putting some of the questions was not in the exact approved form; but the court should have allowed an examination along these lines.

To the testimony offered on behalf of the state there appears to have been but one objection made, and this was withdrawn. The witnesses who were present when this killing took place, without contradiction, make out a case of cold, unprovoked, deliberate assassination. On the case made by the state, there is not a justifying circumstance. It could be accounted for on the score of innocence in but one way, and that was that the party perpetrating the crime was insane at the time. In reading over the record we are forced to reach the conclusion that the appellant was so restricted in making about the only defense it was possible for him to make that he was denied a fair and impartial trial.

This being our view. the judgment is reversed and cause remanded.

*Reversed.*